TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00135-CR

Eldon Alt, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY

NO. 459996, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

Appellant Eldon Alt pleaded no contest to an information accusing him of driving
while intoxicated. The county court at law adjudged appellant guilty and assessed punishment at
incarceration for 120 days and a $1000 fine, but suspended imposition of sentence and placed him
on community supervision. See Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1999). 
Appellant contends the county court erred by overruling his motion to suppress evidence and
special plea of former jeopardy. We will affirm.

Appellant took and failed a breath test following his arrest for driving while
intoxicated. Accordingly, the Department of Public Safety suspended his driver's license. See
Tex. Transp. Code Ann. § 524.012 (West 1999). Appellant appealed the suspension. Id.
§ 524.031. At the ensuing hearing, the administrative law judge found that the arresting officer
did not have probable cause to arrest appellant and ordered the reinstatement of his license. See
id. § 524.035(a)(2), (c). Appellant contends the State was collaterally estopped from relitigating
the probable cause issue at his subsequent trial for driving while intoxicated, and therefore the
county court at law should have sustained both his motion to suppress evidence obtained as a
result of the arrest and his special plea of former jeopardy.

A prosecution for driving while intoxicated following an administrative driver's
license suspension proceeding does not constitute a "successive criminal prosecution" or carry the
possibility of "multiple criminal punishments," and therefore does not implicate the Fifth
Amendment double jeopardy guarantee. See Reynolds v. State, No. 897-98, slip. op. at 17, 22-23
(Tex. Crim. App. Sep. 11, 1999); Ex parte Tharp, 935 S.W.2d 157, 161 (Tex. Crim. App.
1996). For this reason, appellant cannot invoke the collateral estoppel component of the Fifth
Amendment identified in Ashe v. Swenson, 397 U.S. 436 (1970). See Reynolds, slip op. at 17,
24. Appellant may not invoke the common law collateral estoppel doctrine because the legislature
has declared it to be inapplicable to a criminal prosecution following an administrative license
suspension proceeding. See Tex. Transp. Code Ann. §§ 524.012(e), 724.048(a) (West 1999); see
also Reynolds (Meyers, J., dissenting, slip op. at 12-13). Appellant's contention that these
statutes unconstitutionally limit the Fifth Amendment double jeopardy guarantee is without merit
for the same reason his Ashe v. Swenson claim fails. See Reynolds, slip op. at 18.

Appellant's issues are overruled and the judgment of conviction is affirmed.

 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: October 7, 1999

Do Not Publish